# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER B. HARDY | § § § | |
| *Plaintiff*, | § § | Civil Action No. 2:19-cv-00277-JRG |
| v. | § § | |
| CARTHAGE INDEPENDENT SCHOOL DISTRICT | § § § § | |
| *Defendant*. | § | |

## PLAINTIFF CHRISTOPHER B. HARDY'S OPPOSED MOTION TO COMPEL

Plaintiff Christopher B. Hardy ("Hardy") files this Opposed Motion to Compel Carthage Independent School District ("CISD") to compel testimony and document discovery into what transpired during relevant closed sessions of the CISD School Board. Accordingly, the Court should compel CISD to produce all relevant materials from these closed sessions and should be ordered to re-present Eliza Hicks for deposition to answer questions about what transpired during these closed sessions.

## Background:

This motion to compel presents a single issue. Whether a Plaintiff can discover information related to a closed meeting of a school board. Defendant's Carthage Independent School District ("CISD") claim that Texas Government Code § 551.146 protects against discovery into a closed meeting. The statute imposes civil and criminal liability on an individual who:

> without lawful authority knowingly discloses to a member of the public the certified agenda or recording of a meeting that was lawfully closed to the public under this chapter:

During discovery Defendants have refused to let a witness answer questions in a deposition about what occurred at closes sessions and have refused to provide materials, including the agenda and recordings, for what transpired a closed meeting. Defendants have refused to do so despite Plaintiff's willingness to enter a protective order, and designate whatever material or testimony is provided as Attorney's Eyes Only.

It is clear that such information is within the scope of discovery. Plaintiff Hardy was a school employee who was terminated in July of 2017. He alleges he was terminated because of his race, and Defendants Carthage Independent School District ("CISD") claims he was terminated because of budget reductions. After Hardy was told he was being let go he filed a grievance through the schools' internal process. This ultimately resulted in a public grievance hearing, and

1

afterwards, a closed session discussion and vote by the school board regarding whether to uphold or reject the grievance.

Additionally, given that the school's stated reason for the termination were staff reductions due to budget cuts, there were doubtless many other conversations and discussions surrounding who was going to be laid off and why that took place during closed session.

In other words, critical discussions surrounding the hiring, termination, and reasons for termination of the Plaintiff were discussed during closed sessions.

## Arguments and Authorities:

During the Meet and Confer Process CISD did not identify any case law or authority apart from the statute itself to support their position. First, a plain reading of the statute does not support CISD's position that *no discovery whatsoever* is permitted into the contents of closed meetings.

**A. The Statute does not prohibit discussing what took place during closed session:**

The statute only prohibits the disclosure of "the certified agenda or recording of a meeting," and does not discuss at all testimony regarding what took place at such a meeting.

Undersigned Counsel has been unable to locate an analogous case where a school took the extreme position being taken by CISD in this case, that no discovery into closed sessions is permitted. There are two potential reasons for the lack of case law. First, the position taken by CISD has no support in the language of the statute. Had the Texas legislature meant to prohibit any all discussion of what took place during a closed session, they surely could have written that. Second, in 1989, just a few years after the passage of the act now codified in Texas Government Code § 551.146, the Texas Attorney General was asked to opine on the laws meaning. *See* Tex.

2

Atty. Gen. Op. JM-1071 (Tex.A.G.), 1989 WL 430716.[1] While the entire opinion is instructive the first two paragraphs could not be more clear:

> You state that some local authorities have interpreted the quoted language to mean that persons present in an executive session cannot make any statements regarding the subject matter of the session, even to voice their own opinion about that subject. You point out that this interpretation raises a serious question of interference with the freedom of speech guaranteed by the First Amendment of the United States Constitution. U.S. Const. amend. I. See Attorney General Opinion MW–563 (1982) at 5, 6.
>
> We interpret subsection 2A(h) as applying only to the records of executive sessions which governmental bodies are required to keep pursuant to section 2A of the act. It does not prohibit persons who are present at the executive session from afterwards talking about the subject matter of the session. Accordingly, we need not reach the first amendment issue.

*Id.* In this instance, CISD is doing exactly what the Texas Attorney General opined is not the law more than 30 years ago. During the deposition of Elize Hicks, a school board member who believes that Hardy was terminated because of his race the following exchanges took place:

> Defense Counsel (Andrea Mooney): "And I'm just going to remind you, Mr. Hicks, anything that was mentioned during closed session, we need to make sure to not answer those questions. So, just bring that to our attention because that could possibly violate a law with personal responsibility under the law. So, just anything that is asked of you that was mentioned in closed session, you need to bring that to our attention and not answer those questions.
> . . .
> Plaintiff Counsel (Ben Foster): "Andrea, I just want to make sure I understand you-all's position on this. You-all's position is that the witness can't answer any questions about what happened at closed session because why?
>
> Defense Counsel: Because under the law, if a Board member talks about what occurred in a closed meeting, they have personal liability for that, criminal and civil, which can include a fine, I think, of up to $20,000 and jail time.

Deposition of Elize Hicks at 11:17–12:15.[2]

---

[1] For the Court's connivence a copy of this opinion is attached as Exhibit 1.
[2] Excerpts from the Deposition of Elize Hicks are attached as Exhibit 2.

3

Thereafter, the witness was repeatedly instructed not to answer questions about what took place at closed sessions. Toward the end of the deposition, undersigned counsel ensured that the concern was not confidentiality:

> Plaintiff Counsel: Andrea, I want to understand and -- make sure I understand the basis of the school's objection to this witness testifying about matters raised in closed session. I assume that even if I was prepared to eject Mr. Hardy from this call and agree to designate the remainder of this deposition as attorneys' eyes only via stipulation for now, followed up with a protective order in the next couple of days -- the Eastern District standard order is fine -- you still would not allow him to answer these questions, right?
>
> Defense Counsel: Correct.

Deposition of Eliza Hicks at 104:15–105:1.[3] There is simply no support, in statute or case law for this extreme position. CISD's interpretation of the statute implicates exactly the first amendment concerns raised in the Attorney General's opinion.

A. **The Statute does not create an Evidentiary Privilege in Federal Court:**

Hardy seeks not just testimony about what happened in the meetings, but the agendas and recordings of those meetings, documents that are covered by the Statute. These are discoverable, because Texas Government Code § 551.146, does not create an evidentiary privilege in Federal Court, and therefore does not prevent the discovery into closed meetings.  At least two district Courts have reached this conclusion.

First, *Terry v. Spring Indep. Sch. Dist.*, is indistinguishable from the facts of this case. No. CV H-14-1323, 2015 WL 12977360, at *2 (S.D. Tex. Mar. 26, 2015). There, Terry, a terminated employee, sought the certified agendas of closed school board meetings. The school refused citing the Texas Government Code § 551.146 The Court, quickly concluded that no

---

[3] Exhibit 2.

evidentiary privileged was created by Texas Government Code § 551.146 and compelled the production of all relevant non-privileged records.

This issue was also analyzed in *Fairchild v. Liberty Indep. Sch. Dist.*, 466 F. Supp. 2d 817, 822 (E.D. Tex. 2006). In that case, a Fairchild sough the tapes of closed sessions he had physically been present at. The Court again concluded that Texas Government Code § 551.146 did not create an evidentiary privileged and compelled the records production.

While the Fifth Circuit has not directly weighed in on this question, it has set forth a test to determine whether a state rule creates an evidentiary privilege in federal court. See *ACLU of Mississippi v. Finch,* 638 F.2d 1336 (5th Cir.1981). This is a two-prong test. First,, does the fact that the courts of Texas would recognize the privilege itself create good reason for respecting the privilege? Second, is the privilege intrinsically meritorious in the court's independent judgment? *Id.* however, the first question is almost always answered in the negative: "That the courts of a particular state would recognize a given privilege will not often of itself justify a federal court in applying that privilege." *Id*. As the Court in *Fairchild* explained:

> Allowing [Defendant] to shield these tapes from discovery harms the federal interest in the truth-seeking process. The federal interest in this case is particularly strong, as it involves allegations of violations of federally protected constitutional rights. The first question then, does the state interest in the privilege alone provide reason for a federal court to recognize the privilege, must be answered in the negative.

*Fairchild*, 466 F. Supp. 2d at 823. That reasoning is compelling here.

In answering the second question the Court should consider four factors: 1) whether communications originate in a confidence that they will not be disclosed, 2) whether confidentiality is essential to the full and satisfactory maintenance of the relation between the parties, 3) whether the relation is one which in the opinion of the community ought to be sedulously fostered, and 4) whether the injury that would inure to the relation by the disclosure of the

5

communications is greater than the benefit thereby gained for the correct disposal of litigation. *ACLU of Mississippi v. Finch,* 638 F.2d at 1336.

The analysis in this case, is straight forward, because Plaintiff is prepared to designate all such materials Confidential. Under such circumstances there is not really a 'disclosure' of this information in the normal sense of the word. Instead, it is merely being furnished to the Court and the parties. Second, because the scope of the Texas Government Code does ***not*** prohibit the participants in closed sessions from discussing those subjects with the public, the communications themselves did not originate in a confidence that they will not be disclosed, nor is confidentiality essential to the relation between the school board members. Finally, because Hardy is seeking to vindicate protected constitutional rights in this case, and because the reasons surrounding his termination were discussed in closed sessions, these records are essential to a full and fair adjudication of this matter.

## **CONCLUSION**

For these reasons stated herein the Court should compel CISD to reproduce Eliza Hicks for deposition and permit him to testify regarding what occurred in closed sessions, should be barred from instructing witnesses not to answer questions about what occurred in closed sessions during depositions and should be ordered to produce all documents and communications related to closed sessions where the creation and or operation of a school police department, the hiring of a person for that role, Hardy's employment, Hardy's termination, the school's 2017 budget reductions, the costs associated with security, or claims of race discrimination aimed at Dr. Hambrick were discussed.

Dated:  February 14, 2022

Respectfully submitted,

*/s/ Benjamin F. Foster*
Benjamin F. Foster
Texas Bar No. 24080898
ben@fosteryarborough.com
**FOSTER YARBOROUGH PLLC**
808 Travis Street, Suite 1553
Houston, Texas 77002
Telephone: (713) 331-5254

*Counsel for Plaintiff Christopher B. Hardy*

**CERTIFICATE OF CONFERENCE**

I hereby certify that Lead counsel for the Plaintiff Ben Foster, and lead counsel for the Defendant Andrea Mooney, and counsel for the defendant Dennis Eichelbaum discussed these issues via email on December 31, 2021. Plaintiff followed up with a more detailed email discussion of Plaintiff's position via email on January 25, 2022[4], and Lead counsel for both parties discussed these issues during a telephonic meet and confer on February 2, 2022 and were unable to resolve any of the issues set forth herein.[5] During that meet and confer, Defendants indicated that they believed that Plaintiff's cases and authorities were distinguishable and that the statute itself supported their position. Defendant's counsel did not identify any additional authority beyond the statute as supporting their position, as the parties were not able to make further progress, they confirmed a mutual impasse.

*/s/ Benjamin F. Foster*
Benjamin F. Foster

---

[4] See Exhibit 3.
[5] Note that Defense Counsel are located in the Eastern District of Texas and Plaintiff's counsel, is a Houston lawyer admitted in the Eastern District who does not have local counsel in this matter.

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 14, 2022.

/s/ *Benjamin F. Foster*
Benjamin F. Foster