# EXHIBIT 1

Case 2:19-cv-00277-JRG-RSP   Document 32-2   Filed 02/14/22   Page 2 of 4 PageID #: 251

Honorable Kent A. Caperton, Tex. Atty. Gen. Op. JM-1071 (1989)

Tex. Atty. Gen. Op. JM-1071 (Tex.A.G.), 1989 WL 430716

Office of the Attorney General

State of Texas

Opinion No. JM–1071

July 11, 1989

**\*1** Re: Whether the "certified agenda" provision of the Open Meetings Act, article 6252–17, V.T.C.S., unduly restricts speech rights of members of governmental bodies (RQ–1681)

Honorable Kent A. Caperton
Chairman
Finance Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Dear Senator Caperton:

You request an opinion interpreting a provision of section 2A of the Texas Open Meetings Act, article 6252–17, V.T.C.S. Section 2A was added to the Open Meetings Act in 1987. Acts 1987, 70th Leg., ch. 549, § 3, at 2212. It requires governmental bodies to maintain a certified agenda or tape recording of executive sessions. See Attorney General Opinion JM–840 (1988). Subsection 2A(h) of the act provides in part:

No individual, corporation, or partnership shall, without lawful authority, knowingly make public the certified agenda or tape recording of a meeting or that portion of a meeting that was closed under authority of this Act. (Emphasis added.)

V.T.C.S. art. 6252–17, § 2A(h).

You state that some local authorities have interpreted the quoted language to mean that persons present in an executive session cannot make any statements regarding the subject matter of the session, even to voice their own opinion about that subject. You point out that this interpretation raises a serious question of interference with the freedom of speech guaranteed by the First Amendment of the United States Constitution. U.S. Const. amend. I. See Attorney General Opinion MW–563 (1982) at 5, 6.

We interpret subsection 2A(h) as applying only to the records of executive sessions which governmental bodies are required to keep pursuant to section 2A of the act. It does not prohibit persons who are present at the executive session from afterwards talking about the subject matter of the session. Accordingly, we need not reach the first amendment issue.

The meaning of the language in subsection 2A(h) can be determined by looking at section 2A as a whole. Subsection 2A(c) describes a certified agenda:

The certified agenda shall state the subject matter of each deliberation and shall include a record of any further action taken. The certified agenda of closed or executive sessions shall be made available for public inspection and copying only upon court order in an action brought under this Act. (Emphasis added.)

Id. § 2A(c).

Honorable Kent A. Caperton, Tex. Atty. Gen. Op. JM-1071 (1989)

Case 2:19-cv-00277-JRG-RSP   Document 32-2   Filed 02/14/22   Page 3 of 4 PageID #:  252

The language on inspection and copying in the above provision shows that the certified agenda is a record. A tape recording of the executive session, like a certified agenda, is a record. See generally V.T.C.S. art. 6252–17a, § 2(2) (definition of "public records" under Open Records Act).

Section 2A of the Open Meetings Act repeatedly uses the terms "certified agenda" and "tape recording" to refer to the tangible documents that record the executive session. For example, the certified agenda or tape is available for in camera inspection by the judge in a lawsuit involving an alleged violation of the act. Id. § 2A(e). The certified agenda or tape must be preserved for a least two years after the date of the meeting. Id. § 2A(f). Members of a governmental body may not participate in a closed meeting knowing that a certified agenda is not being kept or a tape recording is not being made. Id. § 2A(g). These requirements cannot be rationally applied to speech occurring after the meeting.

 *2  The "certified agenda" and "tape recording" mentioned in the provisions we have cited record the proceedings of the executive session. The legislature presumably used these two terms consistently throughout section 2A. See Paddock v. Siemoneit, 218 S.W.2d 428, 435 (Tex.1949). In our opinion, subsection 2A(h) bars the release of such records, and does not prevent members of the governmental body from talking about their recollections of the subject matter of the executive session.

The purpose of enacting section 2A was to ensure that a record of executive sessions would be available in the event of a lawsuit alleging an Open Meetings Act violation. Subsection 2A(h) ensures that the record will be used only for that intended purpose. The prohibition is thus corollary to, and no broader than, the new record keeping requirement. Persons who attended an executive session are not prohibited by section 2A(h) from discussing its subject matter.[1]

SUMMARY

Subsection 2A(h) of article 6252–17, V.T.C.S., the Texas Open Meetings Act, applies to the certified agenda or tape recording kept as a record of an executive session. It does not prohibit members of a governmental body or other persons in attendance at an executive session from making public statements about the subject matter of that session.

 Very truly yours,

Jim Mattox
Attorney General of Texas
Mary Keller
First Assistant Attorney General
Lou McCreary
Executive Assistant Attorney General
Judge Zollie Steakley
Special Assistant Attorney General
Rick Gilpin
Chairman, Opinion Committee
Jennifer S. Riggs
Chief
Open Government Section Opinion Committee

Prepared by

Susan L. Garrison
Assistant Attorney General

Footnotes

Case 2:19-cv-00277-JRG-RSP   Document 32-2   Filed 02/14/22   Page 4 of 4 PageID #: 253

Honorable Kent A. Caperton, Tex. Atty. Gen. Op. JM-1071 (1989)

| | |
|---|---|
| 1 | Nothing in the Open Meetings Act requires members of a governmental body to make statements about an executive session. |

Tex. Atty. Gen. Op. JM-1071 (Tex.A.G.), 1989 WL 430716

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.