# EXHIBIT 3

| | |
|---|---|
| **Subject:** | Re: Hardy v. Carthage ISD |
| **Date:** | Tuesday, January 25, 2022 at 10:55:32 AM Central Standard Time |
| **From:** | Benjamin Foster |
| **To:** | Andrea Mooney |
| **CC:** | Benjamin Foster, Dennis Eichelbaum, Emma Darling, Lisa Jackson |
| **Attachments:** | Fairchild v Liberty Independent School Dist.pdf, Honorable Kent A Caperton.pdf, Terry v Spring Independent School District.pdf |

I'll reach out to him and get you some dates.

I want to take Dr. Hambrick's deposition. Do you guys represent him or do I need to subpoena him?

I also want to follow up on our conversation from the end of last year, regarding the objections asserted in Mr. Hicks deposition. In particular, I've looked at this issue in more detail. I've attached an EDTX case, and a more recent SDTX case, both of which are squarely on point. I've also attached an older opinion by the attorney general of Texas, which seems instructive to the particular issue in the deposition, namely whether Mr. Hicks is subject to potential civil and criminal liability from discussing what transpired during closed sessions. In short, these authorities seem to me to establish that Texas Government Code §551.146 does not create an evidentiary privilege such that information that took place in a closed session can be shielded from discovery in a civil suit. In my opinion, this conclusion is supported by the plain language of the statute which on its face only protects against the disclosure of the "certified agenda or recording" of such a closed session. I have not located any contravening authority on this issue.

Having looked at this issue, I think I am entitled to all School Board level discussions, recordings, agendas or related materials in which the creation and or operation of a school police department, the hiring of a person for that role, Hardy's employment, the schools 2017 budget reductions, the costs associated with security, or claims of race discrimination aimed at Dr. Hambrick were discussed. I also think I am entitled to redepose Mr. Hicks and get answers from him about what took place in closed sessions.

I know we've exchanged some emails on this previously and it does seem we disagree on this issue, but under local Rule CV7(h) a telephonic meet and confer between lead counsel is required during which "The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position."

I hope that this email and the attached authority lays out my belief that the sections of the Texas Government Code you cited don't apply to the questions I asked Mr. Hicks, and more generally do not shield what happens in closed session from discovery. I will readily admit that it is not a normal part of my practice to litigate against school districts, so if you are aware of a contrary body of authority, please let me know what it is so that I can consider it before taking up the Court's time with a motion. I think that is what is expected of the meet and confer process under the local rules.

Regardless, I'd like to set that meeting and confer as soon as is practicable so that if we cannot reach resolution on this we can get the issue presented to the Court. I have a number of depositions the rest of this week and Monday, but I could make a call work this week Wednesday or Thursday at 4pm or later. Alternatively, I'm open 2/1 or 2/2.

Please let me know.

On Tue, Jan 25, 2022 at 9:34 AM Andrea Mooney <ALM@edlaw.com> wrote:
> Mr. Foster,
>
> Can you please provide me with several dates and times in the next few weeks when you are available for Mr. Hardy's deposition? It will be in-person at Carthage ISD.

Thank you,

Andrea

Sent from my iPhone