IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHRISTOPHER B. HARDY, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § Case No. 2:19-cv-00277-JRG-RSP |
| | § |
| CARTHAGE INDEPENDENT SCHOOL DISTRICT, | § |
| | § |
| *Defendant*. | § |

## MEMORANDUM OPINION AND ORDER

On February 28, 2022, the Court heard argument on Plaintiff Christopher B. Hardy's Motion to Compel (Dkt. No. 32) and Defendant Carthage Independent School District's ("CISD") Response (Dkt. No. 37). The motion seeks to compel production of all documents relating to a closed meeting of the school board and to resume the deposition of a board member.

Plaintiff filed an employment discrimination lawsuit against CISD alleging his termination was racially motivated. Dkt. No. 28. During the deposition of a CISD board member, Plaintiff pursued a line of questioning related to discussions between board members during a closed meeting.[1] CISD's counsel objected and directed the witness not to disclose the substance of the closed meeting. *See* Dkt. No. 32-3 at 5. Defendant's counsel stated:

> "anything that was mentioned during closed session, we need to make sure to not answer those questions. So, just bring that to our attention because that could possibly violate a law with personal responsibility under the law. So, just anything that is asked of you that was mentioned in closed session, you need to bring that to our attention and not answer those questions.
>
> . . .

---

[1] A "closed meeting" is defined as "a meeting to which the public does not have access." Tex. Gov't Code § 551.001. CISD's board held the closed meeting to discuss Plaintiff's grievance against CISD. Tex. Gov't Code § 551.074.

>Because under the law, if a Board member talks about what occurred in a closed meeting, they have ***personal liability for that, criminal and civil, which can include a fine, I think, of up to $20,000 and jail time.***"

*Id*. (emphasis added).

CISD's warning was referring to the Texas Open Meetings Act ("TOMA") as codified in Texas Government Code §§ 551.146, 551.104. Dkt. No. 37 at 1–2. Defendant argues that a plain reading of these statutes indicates "that any judicial inspection and subsequent orders of release are strictly limited to TOMA actions." *Id*. at 3. Defendant's position is that since the above-captioned matter is unrelated to TOMA, Plaintiff is not entitled to any discovery related to the closed meeting.

Plaintiff rejects CISD's interpretation of § 551.146 and contends that a plain reading of the statute is inconsistent with CISD's interpretation. Plaintiff also points to a Texas Attorney General opinion for the proposition that this issue has already been addressed by a Texas Attorney General. Dkt. No. 32 at 3–4 (citing Tex. Atty. Gen. Op. JM-1071 (Tex.A.G.), 1989 WL 430716).

The Court agrees with Plaintiff that CISD's interpretation of these statutes is incorrect. Texas Government Code §§ 551.146(a) states that "[a]n individual . . . that without lawful authority knowingly discloses to a member of the public *the certified agenda or recording of a meeting*" may be subject to civil and/or criminal liability. This is not a blanket prohibition against testifying about conversations occurring in a closed meeting, it merely penalizes disclosure of the certified agenda or recording—nothing more. It is logical that the Act limits the prohibition to the agenda and recording because the Act created the requirement that all such meetings be accompanied by an agenda and recording in the event of a challenge to the closing of the meeting. Neither party has cited to any TOMA provision that prohibits testimony about closed meetings and the Court has found none.

The Court declines CISD's invitation to expand § 551.146 beyond its plain meaning. A purpose of TOMA is to provide transparency and accountability in local government, so construing the statute in manner that frustrates that purpose is improper. *See* Ken Paxton*, Open Meetings Act Handbook 2022* (2022) ("Texas law has long agreed the inherent right of Texans to govern themselves depends on their ability to observe how public officials are conducting the people's business. That is why the Texas Open Meetings Act was enacted, to ensure that Texas government is transparent, open, and accountable to all Texans.").

The Court's interpretation is further corroborated by Texas Attorney General ("Tex. AG") guidance. *See* Tex. Atty. Gen. Op., 1989 WL 430716 at *1. The Tex. AG opined on a predecessor statute (Section 2A of the Texas Open Meetings Act, Article 6252–17, V.T.C.S.) of § 551.146, however, this precursor statute reads very similarly to § 551.146(a). The Texas Attorney General opined:

> Subsection 2A(h) of the act provides in part:
> No individual, corporation, or partnership shall, without lawful authority, knowingly make public the certified agenda or tape recording of a meeting or that portion of a meeting that was closed under authority of this Act.
>
> You state that some ***local authorities have interpreted the quoted language to mean that persons present in an executive session cannot make any statements regarding the subject matter of the session, even to voice their own opinion about that subject***. You point out that this interpretation raises a serious question of interference with the freedom of speech guaranteed by the First Amendment of the United States Constitution.
>
> ***We interpret subsection 2A(h) as applying only to the records of executive sessions which governmental bodies are required to keep pursuant to section 2A of the act.*** It does not prohibit persons who are present at the executive session from afterwards talking about the subject matter of the session. Accordingly, we need not reach the first amendment issue.
>
> . . .
>
> Subsection 2A(h) of article 6252–17, V.T.C.S., the Texas Open Meetings Act, applies to the certified agenda or tape recording kept as a record of an

3

>executive session. ***It does not prohibit members of a governmental body or other persons in attendance at an executive session from making public statements about the subject matter of that session.***

*Id*. at *1–2 (citations omitted) (emphasis modified). In view of a plain reading of § 551.146(a) and Tex. AG guidance, the Court finds that CISD board members are not restricted from testifying about what was discussed during the closed meeting.

CISD, however, does not take a similar view of the Tex. AG guidance. CISD frames the Tex. AG's reference to "subject matter" as limiting itself to a high-level overview of the closed session. Dkt. No. 37 at 2–3. In essence, CISD argues that "subject matter" is limited to a 30,000-foot view of what was discussed in a closed meeting (i.e. not a detailed explanation). However, "subject matter" waiver, as used in the law of testimonial privileges, is the broadest form of waiver allowing discovery on any protected documents or communications that concern the same subject matter. It is not, as Defendant argues, a narrowing term.

The Court **OVERRULES** CISD's objections to Plaintiff's line of questioning. Plaintiff is permitted to resume questioning of the CISD board member about the substance discussed during the closed meeting.[2] Both counsel agreed that this ruling applies to any other board member depositions in this case.

In CISD's briefing, it articulated an attorney-client privilege objection because an attorney for CISD was present during the closed meeting. Obviously, just because CISD's attorney was present during the closed meeting does mean that all the communications in the meeting are

---

[2] CISD also argues that the Court cannot compel the CISD board member to testify about his recollection of the CISD closed meeting because doing so would "act unilaterally on behalf of the board." Dkt. No. 37 at 4. The CISD board member declined to answer the question after CISD's counsel stated that his answer would be a ***crime***—not out of a general unwillingness to answer. The Court has determined that the warning was inappropriate and should not be repeated.

4

considered privileged. Plaintiff, however, should refrain from inquiring about statements from the attorney that could be considered legal advice as well as refrain from inquiring about statements or questions by the CISD board members to the lawyer asking for legal advice.

The Court **DEFERS** ruling on whether there is a state evidentiary privilege for the certified agenda, the recording, or related documents and whether the competing federal discovery interests outweigh observing the state evidentiary privilege. To the extent the relevant agenda and recordings still exist, the Court **ORDERS** that CISD preserve them.  Plaintiff may renew the motion to compel if the deposition shows that further discovery about the closed meeting(s) is necessary.

**SIGNED this 1st day of March, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE